IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEBRA JONES, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>VANCE NORTON, et al.,<br><br>        Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:09-cv-730-TC |

      The Plaintiffs in the above-captioned matter have filed a motion to modify the court's opinion that was issued on March 13, 2012, and to certify that order for interlocutory appeal under 28 U.S.C. § 1292(b).  (Dkt. No. 186.)  The Plaintiffs have also filed a motion to alter or amend the court's minute entry of March 12, 2012.  (Dkt. No. 184.)  For the following reasons, both of Plaintiffs' motions are DENIED.

Motion to Modify Ruling and to Certify Order for Interlocutory Appeal

      The Plaintiffs request that the court modify its ruling of March 13, 2012, in which the court stated that the state tort claims against Detective Vance Norton must be plead as alternative, not additional, claims.  Plaintiffs ask the court to certify its order for interlocutory appeal under 28 U.S.C. § 1292(b), and further ask that the court stay this action until the Tenth Circuit has ruled on Plaintiffs' application.

      As a preliminary matter, Plaintiffs' motion is untimely under Rule 59(e) of the Federal Rules of Civil Procedure because it was filed after the 28-day deadline which that rule imposes

on any motion to alter or amend a judgment.[1]  But Plaintiffs' motion would fail even if it were timely.

Plaintiffs have never moved for leave to amend their complaint to add additional claims.  Rather, Plaintiffs filed a motion for leave to add alternative claims.  (Dkt. No. 110.)  The court granted that motion because it held that, on the basis of the facts alleged in the complaint, a jury could find that Officer Norton's actions fell outside the scope of the Governmental Immunity Act of Utah (GIAU).  In order to make this finding, the jury would need to decide that Officer Norton actions did not occur "during the performance of the employee's duties, within the scope of employment, or under color of authority."  Utah Code Ann. § 63G-7-101.  The Plaintiffs have not cited to any case law that provides a definition of "color of authority," but the term clearly encompasses a broader swath of actions than are included in the phrases "performance of the employee's duties" and "scope of employment."  If it did not, the addition of the phrase "color of authority" to this statutory provision, and others like it throughout the Utah Code, would be superfluous.

But in order to prevail on their federal claims against Officer Norton under 42 U.S.C. § 1983, the Plaintiffs must demonstrate that Officer Norton's actions occurred "under color of any law, statute, ordinance, regulation, or custom."  Even if Officer Norton was not acting lawfully when he shot Todd Murray, the court finds that a jury could determine that Officer Norton was acting under color of law.  See United States v. Classic, 313 U.S. 299, 326 (1941) ("Misuse of power, possessed by virtue of state law and made possible only because the

---

[1] The court issued its ruling on March 13, 2012.  The order was docketed on March 14, 2012.  Plaintiffs did not file their motion until April 25, 2012.

wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law"). But the court does not see how any jury could perform the mental gymnastics and linguistic alchemy that would be required to find that Officer Norton <u>did</u> act under the color of state law (and could therefore be liable under 42 U.S.C. § 1983) and at the same time did <u>not</u> act under the color of authority (and could therefore be subject to a state law claim that was not barred by the GIAU). If anything, the term "color of authority" appears to be broader and not narrower than the term "color of law."

Plaintiffs appear to believe that they may adopt any definition they wish for the term "color of authority" because different legislatures wrote these separate statutes. While true, the court finds that such an argument would be futile in front of a jury. The court repeats its previous holding: "Plaintiffs have not cited any case law that adequately distinguishes the terms 'color of law' under § 1983 and 'color of authority' under Utah Code Ann. § 63G-7-101." As a result, Plaintiffs must plead their state law claims against Officer Norton in the alternative.

The court declines to certify its order for interlocutory appeal because it finds that this order does not meet the standards set by 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a <u>controlling question of law</u> as to which there is <u>substantial ground for difference of opinion</u> and that an immediate appeal from the order <u>may materially advance the ultimate termination of the litigation</u>, he shall so state in writing in such order.

28 U.S.C. § 1292(b) (emphasis added).

The legal question at issue here is not a "controlling question of law" because the court's ruling does not prevent Plaintiffs from presenting their case to a jury. The court's order merely limits the recovery that Plaintiffs may seek. The court also finds that there is no "substantial

ground for difference of opinion" because Plaintiffs have cited none. Finally, an interlocutory appeal will not materially advance the ultimate termination of the litigation because the likelihood is small that any possible future appeal of this issue would result in a new trial.

Motion to Alter or Amend the Court's Minute Entry

Plaintiffs request that the court amend its Minute Entry of March 12, 2012,[2] in which the court ordered Plaintiffs to remove Defendants Gary Jensen and Colby DeCamp from the Eleventh Cause of Action under their Proposed Amended Complaint. The court holds that Plaintiffs' second motion is also untimely, since it is really a motion to reconsider the court's order of March 13, 2012. But, even if the motion were timely, the Honorable Samuel Alba has already ruled on this issue. Judge Alba "denied the motion to Add Additional Parties and Claims Relating to the Allegations of Count 11." (Minute Entry, Oct. 11, 2011, Dkt. No. 146.) The court declines to reconsider Judge Alba's ruling.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motions to Reconsider (Dkt. Nos. 184 & 186) are DENIED.

SO ORDERED this 16th day of May, 2012.

BY THE COURT:

*Tena Campbell*
_____
TENA CAMPBELL
United States District Judge

---

[2]The Minute Entry was entered on March 28, 2012.