IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEBRA JONES, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>VANCE NORTON, et al.,<br><br>        Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:09-cv-730-TC |

      Plaintiffs have filed a motion to continue discovery under Rule 56(d) of the Federal Rules of Civil Procedure (Dkt. No. 196). They claim that they have not yet completed the depositions of key witnesses that are necessary to their opposition. Plaintiffs also move to extend the deadline by which they must respond to Defendant Blackburn Co.'s (Blackburn's) motion for summary judgment. Finally, Plaintiffs move to strike certain declarations that were submitted by Blackburn in support of its summary judgment motion. Blackburn opposes these motions and has filed its own motion to strike (Dkt. No. 200), claiming that certain portions of the declarations submitted by Plaintiffs in support of their Rule 56(d) motion contain conclusory allegations.

      The court finds that Plaintiffs have not complied with the requirements of Rule 56(d), as the Tenth Circuit has held that "a party seeking to defer a ruling on summary judgment under Rule [56(d)] must provide an affidavit explaining why facts precluding summary judgment cannot be presented." Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd., 616 F.3d 1086,

1096 (10th Cir. 2010). This affidavit should identify the probable facts that are not available and what steps the moving party has taken to obtain those facts. See Trask v. Franco, 446 F.3d 1036, 1042 (10th Cir. 2006). In their Rule 56(d) motion, Plaintiffs do not explain why the discovery has occurred so late in this lawsuit, besides stating that a telephone conference to schedule the witness depositions occurred nearly three weeks after Blackburn filed its motion for summary judgment. Plaintiffs' motion also fails to explain what steps, if any, have already been taken to obtain the evidence in question.

But while Plaintiffs have failed to file their response to Blackburn's motion for summary judgment in a timely manner, the court finds that the interests of justice weigh in favor of granting Plaintiffs' motion to extend the response deadline. This extension will allow the court to hear the summary judgment motion on its merits. Plaintiffs have stated that the last deposition needed to obtain evidence that is relevant to this matter is scheduled to occur on today's date: June 8, 2012. Because the necessary discovery should now be complete, the court allows Plaintiffs ten days from the date of this order to file its response.

Both parties have submitted motions to strike various declarations that allegedly contain hearsay, inappropriate expert opinions, or conclusory allegations. While the court notes the concerns of both parties, the court finds it unnecessary to strike these declarations as the court is well aware of its duty to base any summary judgment ruling on admissible testimony.

For the foregoing reasons, Plaintiffs' motion (Dkt. No. 196) is GRANTED IN PART and DENIED IN PART. Plaintiffs' motion for additional discovery and to continue the response deadline is GRANTED and the court allows Plaintiffs ten days from the date of this order to submit its opposition to Blackburn's motion for summary judgment. But Plaintiffs' motion to

strike is DENIED.  Blackburn's motion to strike (Dkt. No. 200) is also DENIED.

SO ORDERED this 8th day of June, 2012.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge