IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEBRA JONES and ARDEN C. POST,<br><br>               Plaintiffs,<br><br>vs.<br><br>VANCE NORTON, et al.,<br><br>               Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:09-cv-730-TC |

      Plaintiffs have moved for leave to amend their complaint to add claims for negligence, gross negligence, and professional malpractice against Defendant Blackburn Mortuary (Blackburn). The deadline for amending pleadings has passed, but Plaintiffs cite Rule 16(b) of the Federal Rules of Civil Procedure, which states that a scheduling order "may be modified for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). The Plaintiffs claim that they have good cause because they could not have anticipated that the court would grant summary judgment in Blackburn's favor on Plaintiffs' claim of intentional infliction of emotional distress. The Plaintiffs also argue that, without this amendment, they will have no remedy to address the incision that was made on Todd Murray's body. But the Plaintiffs have not demonstrated that they are legally entitled to recover from Blackburn, and not every wrong is legally redressable. If the court were to adopt the Plaintiffs' argument, then the entry of summary judgment in a defendant's favor would be meaningless, as a plaintiff could simply allege a new cause of action every time his first attempt was unsuccessful. There are no new facts or law in

this case, and Plaintiffs' failure to raise certain legal theories because of their reliance on another theory does not provide the requisite good cause. As a result, the court DENIES the Plaintiffs' motion to amend.

The Plaintiffs have also moved the court to enter final judgment under Rule 54(b) of the Federal Rules of Civil Procedure on the Plaintiffs' claim against Blackburn. Rule 54(b) provides:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express entry of judgment.

Fed. R. Civ. Pro. 54(b). Certification under Rule 54(b) requires the district court to determine that a judgment is final and to determine that there is no just cause for delay. See McKibben v. Chubb, 840 F.2d 1525, 1528 (10th Cir. 1988). This second determination is "a balancing test, weighing Rule 54(b)'s policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay." Id. (quoting United Bank of Pueblo v. Hartford Accident & Indem. Co., 529 F.2d 490, 492 (10th Cir. 1976)).

The court declines to certify its order as a final judgment because it does not believe that any undue hardship or injustice will result if the Plaintiffs must wait until the conclusion of the trial for this appeal. The trial is not set for the distant future, but is currently scheduled for April 8, 2013. Moreover, this sort of piecemeal appeal does not promote the interests of judicial economy. It is well within the court's discretion to make this determination. See Curtiss-Wright v. Gen. Elec. Co., 446 U.S. 1, 7 (1980) ("It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is

ready for appeal. This discretion is to be exercised in the interest of sound judicial administration.").

## ORDER

For the reasons stated above, the Plaintiffs' motion to amend (Dkt. No. 218) is DENIED. The Plaintiffs' motion for entry of final judgment (Dkt. No. 220) is also DENIED.

                              BY THE COURT:

                              */s/ Tena Campbell*

                              TENA CAMPBELL
                              United States District Judge