IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DEBRA JONES, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>VANCE NORTON, et al.,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO REVIEW CLERK'S TAXATION OF COSTS<br><br>Case No. 2:09-cv-730 TC BCW<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Brooke Wells |

On August 25, 2014, this matter was referred to the undersigned by Judge Campbell pursuant to 28 U.S.C. 636(b)(1)(A).[1] Pending before the Court is Plaintiffs' Motion to Review Clerk's Taxation of Costs.[2] Plaintiffs request "that the Court review the Court Clerk's Taxation of Costs, entered July 29, 2014."[3] The Clerk entered total costs for the State Defendants of $5,431.25 and total costs for Vernal City and Uintah County Defendants of $9,526.32.[4] Plaintiffs ask the Court to exercise its discretion under Federal Rule 54(d) and 28 U.S.C. § 1920 to deny the Defendants' separate cost bills. The Court has carefully considered relevant case law and the record before it. After doing so, the Court declines to exercise its discretion and DENIES Plaintiffs motion.

---

[1] Docket no. 465.

[2] Docket no. 462.

[3] Mtn. p. 2, docket no. 462; *see also* Taxation of Costs, docket no. 461.

[4] The Court notes that Plaintiffs amounts set forth in its motion are more than that awarded by the Clerk of Court. Plaintiffs set forth an amount of $5,996.25 for the State Defendants and $11,009.32 for the Uintah County and Vernal City Defendants. The difference in the amounts arises from the deduction of certain costs by the Clerk of Court. This includes a deduction for some items Plaintiffs object to in their motion. For example, the Clerk of Court deducted the costs for producing DVDs. So the Court will not address Plaintiffs arguments regarding these deductions as they were already addressed by the Clerk of Court. The Court finds no reason to disturb the deductions based upon its review of the Clerk of Court's order.

On March 7, 2014, the Court granted summary judgment on Counts 1 through 10 of Plaintiffs' Third Amended Complaint in favor of the State, Uintah County, and Vernal City Defendants. Additionally the Court dismissed without prejudice Plaintiffs' pendent tort claims for assault and battery and wrongful death under Counts 11 and 12.[5] On this same date the Court also denied Plaintiffs' Motion for Spoliation Sanctions against certain Defendants.[6]

Judgment was entered against the Plaintiffs on June 10, 2014[7] and within two weeks each of the Defendants filed a bill of costs.[8] Plaintiffs objected to the taxation of any costs on two grounds: 1) on equitable grounds because of the issues of spoliation which were raised in the litigation; and 2) the extreme hardship placed on Plaintiffs to pay the costs due to their modest means. The Clerk of Court rejected these arguments noting that they were "more properly made to the court upon filing a motion to review the costs taxed by the clerk."[9] The Clerk of Court also found the objections untimely.[10] But, the Clerk of Court erred in making the untimley determination because Defendants were given an extension of time to file their objection.[11] The Court finds the error harmless, however, because the Court is now addressing Plaintiffs objections and considers them to be timely.

---

[5] [Docket no. 430](#).

[6] Order and Memorandum Decision, [docket no. 429](#). On June 3, 2014, the Court denied Plaintiffs' request for spoliation sanctions against Defendant Vernal City after affording Plaintiffs an additional opportunity to clarify and supplement their arguments regarding Vernal City's liability. *See* Order, [docket no. 451](#).

[7] [Docket no. 453](#).

[8] [Docket no. 454](#), [docket no. 455](#).

[9] Taxation of Costs p. 2, [docket no. 461](#).

[10] *See id.* p. 1 fn. 1 ("1The objections are untimely as they were filed 29 days after the filing of the state defendants' bill of costs and 35 days after the Uintah County and Vernal City bill of costs. DUCiv R 54-2 (b) states that objections must be filed and served within 14 days of the filing and service of the bill of costs.").

[11] Order Granting Motion for Extension of Time, [docket no. 458](#).

Plaintiffs assert the same arguments in support of their motion, to wit, 1) that Defendants request for costs is tainted because the spoliation of evidence; and 2) Plaintiffs financial condition justifies the denial of costs. The Court is not persuaded by either argument.

The Court already rejected Plaintiffs motion for spoliation sanctions after analyzing the evidence and arguments set forth by Plaintiffs. So the Court rejects Plaintiffs attempt to recast these arguments as a basis for denying costs, which if adopted would essentially result in sanctions against Defendants.

Finally, Plaintiffs have failed to provide adequate documentation of their inability to pay. "The non-prevailing party has the burden to overcome the presumption in favor of awarding costs."[12] Plaintiffs have failed to meet that burden. Therefore, based upon a lack of adequate documentation the Court rejects Plaintiffs indigent arguments.[13]

Based upon the foregoing Plaintiffs' Motion to Review Clerk's Taxation of Costs is DENIED.[14]

---

[12] *Treaster v. HealthSouth Corp.* 505 F.Supp.2d 898, 901 (D.Kan. 2007); *see also Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (affirming the district court's decision to award costs despite the plaintiffs indigent status).

[13] *See Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (affirming the district court's decision to award costs despite the plaintiffs indigent status); *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000) ("We hold that a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d). If a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay."); *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) (non-prevailing party offered no documentary support, relying instead on "unsupported, self-serving statements").

[14] Docket no. 462. The Court notes that there is some evidence in the record that a third-party may be helping finance the cost of litigation. Although the Court does not rely upon this as a basis for denying Plaintiffs motion it is something that would need to be considered if Plaintiffs had submitted sufficient documentation concerning their indigent status.

IT IS SO ORDERED.

DATED this 24 September 2014.

Brooke C. Wells
United States Magistrate Judge